CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 28 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE MARLIN KORNEGAY, JR., <br> Plaintiff, | Civil Action No. 7:09-cv-00283 |
| v. | MEMORANDUM OPINION |
| SOUTHWEST REGIONAL JAIL <br> AUTHORITY-ABINGDON, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

George Marlin Kornegay, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Kornegay alleges that the defendants, the Southwest Regional Jail Authority in Abindgon, Virginia ("Jail"), and the Virginia Department of Corrections ("VDOC"), violated his constitutional rights while he was housed at the Jail by providing limited law library access, lack of recreation, and inadequate dental facilities. (Compl. 2.) Kornegay requests as relief to be transferred from the Jail to a VDOC facility.

Kornegay lists the Jail as his place of confinement as of the date he completed the complaint. Kornegay signed the complaint on February 5, 2009, and the complaint's envelope bears a July 9, 2009, United States Postal Service date stamp. The return address on the envelope states Kornegay's name and the Jail's address. The court docketed the complaint on July 13, 2009.

Upon reliable information and belief, Kornegay is now housed within a VDOC facility, the relief he requests. An inmate's action for declaratory or injunctive relief can become moot when an inmate challenges prison policies or conditions and the inmate is subsequently transferred from where he challenges the policy or condition to a different location without the

policy or condition. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007). See Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). See also Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief). Inasmuch as Kornegay has received the relief he requests by being transferred from the Jail to a VDOC facility, this action is made moot. Accordingly, I dismiss his complaint as moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 28th day of July, 2009.

Senior United States District Judge

2